**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION AT KNOXVILLE**


| | | |
|---|---|---|
| LYNN BERNICE CARRAHER, | ) | |
| | ) | |
| Plaintiff/Appellee | ) | HAMILTON CIRCUIT |
| | ) | |
| v. | ) | |
| | ) | NO.  03A01-9608-CV-00259 |
| MICHAEL THOMAS CARRAHER, | ) | |
| | ) | |
| Defendant/Appellant | ) | AFFIRMED |


Andrew Berke and Ronald J. Berke, Chattanooga, For the Appellant.

Steven M. Jacoway, Chattanooga, For the Appellee.


**M E M O R A N D U M   O P I N I O N**

_____INMAN, Senior Judge


The plaintiff's employer had a generous profit-sharing plan to which the plaintiff was not required to contribute.  The trial judge declined to treat this fund as marital property because the "plaintiff didn't earn it, and the defendant didn't contribute to it."

T.C.A. § 36-4-121(b)(1)(A) defines martial property to include "all . . . personal property  . . acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce."  The value of any vested pension, retirement or other fringe benefits are marital property, as are cash, securities and other tangible or intangible assets.  A profit-sharing plan is clearly within the definition of a marital asset.  But in the circumstances of this case, we are unable to find that the evidence preponderates against the judgment.  TENN. R. APP. P. 13(d.)

The appellee's 401(k) and profit-sharing plan, worth $42,000.00 was awarded to her, while the appellant's retirement plan, of an alleged present value of

$17,000.00 was awarded to him. The Court observed that " . . . we don't know what his pension is. It is far more than $17,000.00, Mr. Berke."

One-half of the equity in the increased value of the residence owned by appellee before her marriage was awarded to the appellant. It is apparent that the Court considered the circumstances of the parties carefully and distributed the martial assets of an eight-year marriage as equitably as possible.

This is a proper case for affirmance pursuant to Tenn. R. App. P. 10.[1]

Costs are assessed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

---

[1]Rule 10(b) MEMORANDUM OPINION. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.